PER CURIAM.
On October 30, 1989, Nevia Abraham, a/k/a Robby Eugene Hogan, entered a plea of nolo contendere to escape and was sentenced to thirty-seven years in prison. Hogan did not appeal the judgment and sentence. On April 4, 2005, the trial court denied Hogan’s first Florida Rule of Criminal Procedure 3.850 motion, which claimed ineffective assistance of counsel. On May 3, 2005, Hogan’s motion for reconsideration was denied by the trial court and Hogan filed a notice of appeal. On June 7, 2006, this Court affirmed the trial court and held that “failure to advise a defendant regarding the possible consequences of a plea in the event that the defendant commits a new crime in the future does not constitute ineffective assistance of counsel.”
On August 16, 2007, Hogan filed his second Rule 3.850 motion alleging that trial counsel was ineffective in failing to ex *969 plain to him the consequence of his nolo contendere plea. Hogan contends that trial counsel failed to advise him that the plea he entered in 1985 could be used against him for habitualization if he committed another offense. The trial court denied Hogan’s motion as time-barred and further denied Hogan’s motion for reconsideration. We affirm the trial court’s order denying Hogan’s motion.
While we recognize that defendants must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations, see State v. Spencer, 751 So.2d 47, 49 (Fla.1999), we find that it is an abuse of process to file successive motions reargu-ing the same issues which have been heard, considered, and rejected. Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).
Accordingly, Hogan is hereby ordered to show good cause why he should not be prohibited from filing further pro se pleadings with this Court pertaining to case number F89-356.
Affirmed, and an order to show cause issued.